UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | | |
|---|---|---|
| FENF, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No.: 2:19-cv-13776 |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERIGO VESPUCCI, LLC | ) | **JURY TRIAL DEMANDED** |
| d/b/a GRAND CANYON VIBE | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Amerigo Vespucci, LLC d/b/a Grand Canyon Vibe ("Defendant"):

### **Parties**

1.     FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2.     On information and belief, Defendant is a limited liability company organized and existing under the laws of Wyoming and having a place of business at 30 N. Gould Street, Suite R, Sheridan, WY 82801.

## **Jurisdiction and Venue**

3.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the trademark laws of the United States (Title 15 Chapter 22 of the United States Code), and the copyright laws of the United States (Title 17 of the United States Code).

4.    This Court has personal jurisdiction over Defendant because Defendant has conducted and continues to conduct business in this judicial district and, upon information and belief, has engaged in activities related to FenF's claims of trademark and copyright infringement that establish minimum contacts with the state of Michigan, including having committed acts of trademark infringement, copyright infringement and false description in this judicial district, and the exercise of personal jurisdiction over Defendant is reasonable and fair.  Personal jurisdiction over Defendant may be established under Fed. R. Civ. P. 4(k).

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## **Common Allegations**

6.    FenF sells foot products that are designed for relaxation of the feet and toes and to help relieve and prevent various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

7.     FenF sells a line of YOGA TOES® products, including a Yoga Toes® GEMS® Product (hereafter the "GEMS® Product") in various on-line outlets including through its website (www.yogatoes.com) as well as through on-line retailers such as Amazon.com.

8.     The GEMS® Product sold by FenF includes upstanding posts made of an elastic material.  Each of the upstanding posts has a faceted gemstone handle at a free end thereof.  A representative photograph of the GEMS® Product is shown below in photograph A.



*A: FenF's GEMS® Product*

9.     FenF's GEMS®  Product has been featured on television shows such as *Rachel Ray*, *Dr. Oz* and *The Today Show* featuring Kathy Lee and Hoda.

10.     FenF's GEMS® Product has also been featured in publications such as The Wall Street Journal, New York Magazine, and Oprah Magazine.

11.    At all relevant times since at least December 2010, FenF has been using the trade names YOGA TOES®, YOGATOES ® and GEMS® in connection with the advertising, marketing, promotion, and sale of its GEMS® Product.

12.    FenF packages its GEMS® product in a clear clamshell package having an insert cart prominently displaying the YogaToes® and GEMS® marks. A representative photograph of the GEMS® product in its packaging is shown in photograph B.



B. *FenF's GEMS® Product in clamshell packaging*

13.    Each GEMS product also bears the YogaToes® mark as shown in Photograph C.



.

C. *Photograph of FenF's GEMS® Product*

14.     FenF has spent over $5 Million dollars in promoting its Yoga Toes® products including the GEMS® Product.

15.     As a result of FenF's sales, advertising, and the quality and uniqueness of its Yoga Toes® line of products, including its GEMS ® product, FenF has been the number 1 seller on Amazon in its product category for over 3 years.

16.     FenF has received no less than 3 patents that cover its YOGA TOES GEMS ® product.

**FenF's Trademarks**

17.     FenF has acquired value, name and brand recognition, and goodwill in the use of faceted gemstone handles in connection with its GEMS® Product as a result of continual and substantial advertising, promotion, sale, and other interstate commercial activity related to its GEMS® Product that dates back to at least December 2010.

18.    FenF has obtained Federal Trademark Registration Nos. 3,430,215 for the mark YOGATOES® ("the '215 registration"). A true and correct copy of the '215 trademark registration is attached as Exhibit A.  FenF has also obtained Federal Trademark Registration No. 3,253,636 for the mark YOGA TOES® ("the '636 registration"). A true and correct copy of the '636 trademark registration is attached as Exhibit B.  FenF has also obtained Federal Trademark Registration No. and 5,040,435 for the mark GEMS® ("the '435 registration") A true and correct copy of the '435 trademark registration is attached as Exhibit C.

19.    The '215 and '636 registrations have become incontestable in accordance with §15 of the Lanham Act, 15 U.S.C. § 1065.

20.    FenF is also the owner of protectable federally registered trade dress for a foot-therapy product that includes faceted gemstone handles, and has obtained a Federal Trademark Registration, Registration No. 5,098,981 ("the '981 trademark registration"), for the faceted gemstone handle design.  A true and correct copy of the '981 trademark registration is attached to this Complaint as Exhibit D.

21.    FenF has the right to bring a cause of action for infringement of each of the '215, '636, '435 and '981 trademark registrations.

**FenF's Copyrights**

22.    FenF is the owner of a copyright to a photograph of its GEMS®

Product, shown below in photograph D, and has registered that copyright with the

U.S. Copyright Office in accordance with applicable copyright statutes, Title 17

United States Code, such copyright being assigned Registration Number VA 2-

120-655 ("the '655 copyright registration").  A true and correct copy of the '655

copyright registration is attached to this Complaint as Exhibit E.



*D: Copyrighted Photograph of GEMS® Product*

23.    FenF is the owner of a copyright to a photographs of its GEMS®

Product, shown below in photographs E - O, and has registered that copyright with

the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code, such copyright being assigned Registration Number VA 2-100-631 ("the '631 copyright registration").  A true and correct copy of the '631 copyright registration is attached to this Complaint as Exhibit F.



| | |
|---|---|
| Photograph E | Photograph F |
| Photograph G | Photograph H |
| Photograph I | Photograph J |
| Photograph K | Photograph L |



| | |
|---|---|
| Photograph M | Photograph N |
| Photograph O | |

24.     FenF is the owner of a copyright to a photographs of its insert card for the GEMS® Product, shown below in photograph P, and has registered that copyright with the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code, such copyright being assigned Registration Number VA 2-097-251 ("the '251 copyright registration").  A true and correct copy of the '251 copyright registration is attached to this Complaint as Exhibit G.



P. *Photograph of FenF's Insert Card*

25.    FenF has the right to bring a cause of action for infringement of the

'655, '631 and '251 copyright registrations

26.    On information and belief, Defendant acquires and resells products

online at retailers such as shopify.com.

27.    On information and belief, Defendant promotes, advertises, and offers

certain products for sale to the general public within the United States, including in

this District through its online presence.

10

28.    Defendant offered for sale and continues to offer for sale the replicas of FenF's GEMS® Product ("hereafter sometimes referred to as "the Accused Product"), as shown in pictures of screenshots of Defendant's listing for YOGA TOES GEMS  below in pictures Q and R.



*Q and R: Portions of Defendant's Listing for Replica GEMS® Product*

29.    Defendant sells the Accused Product which is a foot-therapy device that is a counterfeit of FenF's foot therapy device and that includes upstanding elastic posts—each of which includes a faceted gemstone handle at a free end thereof—that are configured on the foot-therapy product to separate a user's toes. Defendant's advertising for its product prominently bears FenF's YogaToes® and faceted gemstone marks. A representative photograph of Defendant's

advertisement of its counterfeit YogaToes Gems product packaging is also shown in picture S and in Exhibit H to this Complaint.



S. *Portion of Defendant's Listing for* the Accused Product

30.     Defendant's advertisements show its packaging of its counterfeit Accused product in a clear clamshell package having an insert card prominently displaying FenF's YogaToes® GEMS product mark.  A representative photograph

of Defendants counterfeit Accused product in its packaging is also shown in photograph S above and Exhibit H.

31.    Defendant's insert card is also reproduces and displays text that is identical to the text contained on FenF's insert card.

32.    Defendant offers for sale the Accused Product while using the terms "YOGA TOES" and "GEMS," without authorization from FenF, in a way that is likely to cause confusion as to the source of Defendant's goods and/or as to Defendant's relationship with FenF.

33.    The Accused Product that Defendant offers for sale includes upstanding posts that are configured to separate a user's toes. Each of the upstanding posts includes a faceted gemstone handle that is confusingly similar to the faceted gemstone handles featured on FenF's GEMS® Product and protected by the '981 trademark registration.

34.    On the relevant webpage in which Defendant offers the Accused Product for sale, Defendant displays unauthorized reproductions of FenF's copyrighted works that are the subject of the '655, '631 and '251 copyright registrations.

35.    The Accused Product that Defendant offers for sale compete directly with FenF's Yoga Toes line of products for sales to the general public.

36.   While   Defendant   uses   FenF's   trademarks   and   copyrighted photographs in its advertising, the counterfeit product it delivers is shown below in Photograph T on top of its packaging:



T. *Defendant's Accused Product as delivered.*

### Count I – Violation of Section 32 of the Lanham Act
### <u>Infringement/Counterfeiting  of the '215 Trademark Registration</u>

37.     FenF repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.     Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, the mark YOGA TOES, which is a reproduction, counterfeit and/or copy of FenF's '215 registration (Exhibit A), in connection with the sale of the Accused Product in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

39.     Defendant's use in commerce of the mark YOGA TOES in connection with the sale, offering for sale, distribution, or advertising of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Defendant's products or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

40.     Defendant's actions constitute infringement and counterfeiting of FenF's federally registered trademark for the Yoga Toes mark (the '215 registration, Exhibit A) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

41.     Defendant's use of the mark YOGA TOES in connection with the sale, offering for sale, distribution, and/or advertising of the Accused Product in interstate commerce has caused, is causing, and will continue to cause damage to

FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered trademark rights.

42. On information and belief, Defendant used the federally registered trademark symbol "®" in its advertising including on the packaging next to the term Yoga Toes. Defendant knows Defendant does not have a federal trademark registration for the mark Yoga Toes and that the use of the Yoga Toes was a counterfeit mark. Defendant was actively aware of FenF and its trademark rights in the YOGA TOES® mark of the '215 registration when Defendant began selling the Accused Product, yet proceeded anyway to use the mark Yoga Toes, including the registered trademark symbol, and is continuing to do so, thus rendering Defendant's use of a reproduction, counterfeit and/or copy of FenF's registered trademark willful and deliberate.

### Count II – Violation of Section 32 of the Lanham Act Infringement/Counterfeiting of the '636 Trademark Registration

43. FenF repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, the mark YOGATOES, which is a reproduction, counterfeit and/or copy of FenF's '636 registration (Exhibit B), in connection with the sale of the Accused Product in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

45.     Defendant's use in commerce of the mark YOGA TOES in connection with the sale, offering for sale, distribution, or advertising of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Defendant's products or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

46.     Defendant's actions constitute infringement and counterfeiting of FenF's federally registered trademark for the YOGA TOES® mark (the '636 registration, Exhibit B) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

47.     Defendant's use of the mark YOGA TOES in connection with the sale, offering for sale, distribution, and/or advertising of the Accused Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered trademark rights.

48.     On information and belief, Defendant used the federally registered trademark symbol "®" in its advertising including on the packaging next to the term Yoga Toes.  Defendant knows Defendant does not have a federal trademark registration for the mark Yoga Toes and that the use of the Yoga Toes was a counterfeit mark.  Defendant was actively aware of FenF and its trademark rights in the Yoga Toes® mark of the '636 registration when Defendant began selling the

Accused Product, yet proceeded anyway to use the mark Yoga Toes, including the registered trademark symbol, and is continuing to do so, thus rendering Defendant's use of a reproduction, counterfeit and/or copy of FenF's registered trademark willful and deliberate.

### Count III - Violation of Section 32 of the Lanham Act
### Infringement/Counterfeiting of the '636 Trademark Registration

49.     FenF repeats and realleges the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.     Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, the mark GEMS affixed to the packaging for the Accused Product which are a reproduction, counterfeit and/or copy of FenF's '435 registration (Exhibit C), in connection with the sale of the Accused Product in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

51.     Defendant's use in commerce of the mark GEMS in connection with the sale, offering for sale, distribution, or advertising of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Defendant's products or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

52.     Defendant's actions constitute infringement and counterfeiting of FenF's federally registered trademark for the GEMS® mark (the '435 registration, Exhibit C) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114

53.     Defendant's use of the mark GEMS® in connection with the sale, offering for sale, distribution, and/or advertising of the Accused Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered trademark rights.

54.     On information and belief, Defendant placed the federally registered trademark symbol "®" on its packaging next to the term GEMS.  Defendant knows Defendant does not have a federal trademark registration for the mark GEMS and that the use of the GEMS was counterfeit mark.  Defendant also sold the Accused Product on FenF's Amazon listing.  Defendant was actively aware of FenF and its trademark rights in the GEMS® mark of the '435 registration when Defendant began selling the Accused Product, yet proceeded anyway to use the mark GEMS, including the registered trademark symbol, and is continuing to do so, thus rendering Defendant 's use of a reproduction, counterfeit and/or copy of FenF's registered trademark willful and deliberate.

## Count IV - Violation of Section 32 of the Lanham Act
## Infringement/Counterfeiting  of the '981 Trademark Registration

55.     FenF repeats and realleges the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56.     The faceted gemstone handles of FenF's GEMS® product are non-functional and have acquired secondary meaning through long and sustained use in interstate commerce and through substantial advertising, promotion, and sales of FenF's GEMS® product, and are the subject of the '981 registration owned by FenF.

57.     Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration (Exhibit D) through its advertising, promotion, distribution, and offering for sale of the Accused Product, which includes upstanding posts having the faceted gemstone handles.

58.     Defendant's use in commerce of a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration in connection with its advertising, promotion, distribution, and offering for sale of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the its product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

59.     Defendant's actions constitute infringement and counterfeiting of FenF's federally registered trademark for the faceted gemstone handle (the '981 Registration, Exhibit D) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

60.     Defendant's use of FenF's registered trademark in connection with the use of faceted gemstone handles as part of the Accused Product it sells in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered trademark rights.

61.     On information and belief, Defendant was actively aware of FenF and its trademark rights in the faceted gemstone handles of FenF's GEMS® Product when Defendant began selling the Accused Product, yet proceeded anyway to use a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration, and is continuing to do so, thus rendering Defendant's use of a reproduction, counterfeit and/or copy of FenF's registered trademark willful and deliberate.

## Count V –Violation of 17 U.S.C. §502
### Infringement of the '655 Copyright Registration

62.     FenF repeats and realleges the allegation contained in paragraphs 1 through 61 as if fully set forth herein.

63.     Defendant has infringed, and continues to infringe, the '655 copyright registration by displaying FenF's copyrighted photograph on a website in connection with the advertising, promotion, and offering for sale of the Accused Product without authorization or approval from FenF.

64.    Defendant's reproduction of FenF's copyrighted photograph and its infringement of FenF's copyright has been, and continues to be, willful and deliberate.

65.    Defendant's infringement of FenF's copyright has caused, is causing, and will continue to cause irreparable injury to FenF.

## Count VI –Violation of 17 U.S.C. §502
## Infringement of the '631 Copyright Registration

66.    FenF repeats and realleges the allegation contained in paragraphs 1 through 65 as if fully set forth herein.

67.    Defendant has infringed, and continues to infringe, the '631 copyright registration by displaying FenF's copyrighted photograph on a website in connection with the advertising, promotion, and offering for sale of the Accused Product without authorization or approval from FenF.

68.    Defendant's reproduction of FenF's copyrighted photograph and its infringement of FenF's copyright has been, and continues to be, willful and deliberate.

69.    Defendant's infringement of FenF's copyright has caused, is causing, and will continue to cause irreparable injury to FenF.

**Count VII - Violation of 17 U.S.C. §502**
**Infringement of the '251 Copyright Registration**

70.     FenF repeats and realleges the allegations contained in paragraphs 1 through 69 as if fully set forth herein.

71.     Defendant has infringed, and continues to infringe, the '251 copyright registration by displaying FenF's copyrighted photograph on a website in connection with the advertising, promotion, and offering for sale of the Accused Product without authorization or approval from FenF.

72.     Defendant's reproduction of FenF's copyrighted photograph and its infringement of FenF's copyright has been, and continues to be, willful and deliberate.

73.     Defendant's infringement of FenF's copyright has caused, is causing, and will continue to cause irreparable injury to FenF.

**Count VIII – Violation of Section 43(a) of the Lanham Act**
**False Advertising**

74.     FenF repeats and realleges the allegations contained in paragraphs 1 through 73 as if fully set forth herein.

75.     Defendant advertised its product as "patented." Defendant specifically states " With its easy-fit patented design, GEMS…" and "the patented design of GEMS…" Exhibit H.

76.     Defendant neither owns nor is a licensee of any patent covering the Accused Product that it actually sells.

77.     Defendant's use in commerce of the "patent" designation  constitutes a false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities of the Accused Product as being patented when it is not.

78.     Defendant's actions constitute false descriptions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendant's false representation that the Accused Product is patented has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered trademark rights and copyright rights as well as FenF's patent rights.

80.     Defendant knows Defendant is neither an owner nor is a licensee of any patent covering the Accused Product yet proceeded anyway to use the "patented" designation in connection with the commercial advertising and promotion of the Accused Product, thus rendering Defendant's false or misleading representation of fact willful and deliberate.

## RELIEF REQUESTED

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A.    Finds that Defendant's use of the term YOGA TOES in connection with its offer for sale and sale of the Accused Product infringes and constitutes a counterfeit of FenF's '215 trademark registration in violation of 15 U.S.C. § 1114.

B.    Finds that Defendant's use of the term YOGA TOES in connection with its offer for sale and sale of the Accused Product infringes and constitutes a counterfeit of FenF's '636 trademark registration in violation of 15 U.S.C. § 1114.

C.    Finds that Defendant's use of the term GEMS® in connection with its offer for sale and sale of the Accused Product infringes and constitutes a counterfeit of FenF's '435 trademark registration in violation of 15 U.S.C. § 1114;

D.    Finds Defendant's use in commerce of a reproduction, counterfeit, copy and/or colorable imitation of faceted gemstone handles that are the subject of FenF's '981 registration infringes and constitutes a counterfeit of FenF's '981 trademark registration in violation of 15 U.S.C. § 1114;

E.    Awards FenF profits gained by Defendant as a result of Defendant's infringement of any of the '215 trademark registration; the '636 trademark registration, the '435 trademark registration and the '981 trademark registration, increased to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

F.     Awards FenF actual damages sustained as a result of Defendant's infringement and counterfeiting of any of the '215 trademark registration; the '636 trademark registration, the '435 trademark registration and the '981 trademark registration, increased by up to three times, pursuant 15 U.S.C. § 1117;

G.     Alternatively awards FenF Statutory Damages for Defendants use of a counterfeit mark pursuant to 15 U.S.C. § 1117 (C) of not less than $1,000 and up to $2,000,000, for willful infringement, per counterfeit mark per type of goods or services sold, offered for sale, or distributed as the Court considers just.

H.     Awards FenF three times the profits or actual damages, whichever amount is greater together with reasonable attorney's fees, as a result of Defendant's counterfeiting, pursuant to 15 U.S.C. § 1117(b);

I.     Awards FenF its costs and any additional damages to which FenF is entitled as a result of Defendant's infringement and counterfeiting of any of the '215 trademark registration; the '636 trademark registration, the '435 trademark registration and the '981 trademark registration;

J.     Finds this case to be exceptional and awards FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117;

K.     Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '215

trademark registration; the '636 trademark registration, the '435 trademark registration and the '981 trademark registration;

L.      Orders Defendant to recall from any distributors, shippers, resellers, retailers, or wholesalers any and all advertising, products, packaging or any other items that infringe the '215 trademark registration; the '636 trademark registration, the '435 trademark registration and the '981 trademark registration;

M.      Orders Defendant to deliver to FenF any and all advertising, products, packaging, or any other items that infringe any of the '215 trademark registration; the '636 trademark registration, the '435 trademark registration and the '981 trademark registration;

N.      Finds Defendant's unauthorized reproduction and displaying of FenF's copyrighted photograph, which is the subject of any of the '655 copyright registration, the '631 or the '251 copyright registration, infringes the '655 copyright registration, the '631 copyright registration and/or the '251 registration in violation of 17 U.S.C. § 501;

O.      Awards FenF damages to compensate for Defendant's copyright infringement pursuant to 17 U.S.C. § 504, including FenF's actual damages and any additional profits of Defendant or, in the alternative, statutory damages of up to $150,000.00 per work infringed because of the willful nature of Defendant's infringement;

P.      Awards FenF its full costs, including attorney fees, stemming from Defendant's copyright infringement pursuant to 17 U.S.C. § 505;

Q.      Orders the impounding of all items that violate the exclusive rights of FenF in its registered copyrights pursuant to 17 U.S.C. § 503;

R.      Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined from infringing the '655 copyright registration, the '631 copyright registration and the '251 registration pursuant to 17 U.S.C. § 502.

S.      Finds Defendant's use in commerce of the "patented" designation in connection with the advertising or promotion of the Accused Product constitutes a false or misleading description of fact, or false or misleading representation of fact in violation of 15 U.S.C. § 1125(a);

T.      Awards FenF profits gained by Defendant as a result of Defendant's violation of 15 U.S.C. § 1125(a) increased to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

U.      Awards FenF actual damages sustained as a result of Defendant's violation of 15 U.S.C. § 1125(a), increased by up to three times, pursuant 15 U.S.C. § 1117;

V.   Finds this case to be exceptional and awards FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117; and

W.   Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from representing that the Accused Product is patented when it is not.

Respectfully submitted,

Dated:   December 23, 2019

By: /s/ *Richard W. Hoffmann*
RICHARD W. HOFFMANN (P42352)
MICHAEL J. DRUZINSKI (P72711)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail:  hoffmann@reising.com
          druzinski@reising.com

*Attorneys for Plaintiff FenF, LLC*

## **JURY TRIAL DEMANDED**

FenF demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:   December 23, 2019

By: /s/ *Richard W. Hoffmann*

RICHARD W. HOFFMANN (P42352)
MICHAEL J. DRUZINSKI (P72711)
Reising Ethington P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail:  hoffmann@reising.com
        druzinski@reising.com

*Attorneys for Plaintiff FenF, LLC*